2010 MAY 17 PM 2:58 

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| WINSTON HAYLES,<br><br>    Plaintiff,<br><br>v.<br><br>DON JARRIEL; TARMARSHE SMITH; Officer DEKALLA; GEORGIA DEPARTMENT OF CORRECTIONS; C. HOWARD; and BARRY SMITH, M.D.,<br><br>    Defendants. | CIVIL ACTION NO.: CV610-031 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Hays State Prison in Trion, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

AO 72A
(Rev. 8/82)

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that Defendant Jarriel, the Warden, did not investigate the events involving the use of force and denial of medical care and had the medical department staff lie that Plaintiff suffered no injuries. Plaintiff also asserts that the Georgia Department of Corrections did not respond to letters he wrote and continue to allow Defendant T. Smith work at a prison "when it is clear that he has an anger problem and needs help with it." (Doc. No. 1, p. 7).

It appears Plaintiff seeks to hold Defendant Jarriel liable based solely on his position as supervisor at the Prison. In section 1983 actions, liability must be based on

something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. As Plaintiff has failed to make this basic showing, his claims against Defendant Jarriel should be dismissed.

A lawsuit against a state official or a state agency in its official capacity is no different from a suit against a state itself; such defendants are immune. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Will, 491 U.S. at 67. Because the State of Georgia would be the real party in interest in a suit against the Georgia Department of Corrections, the Eleventh Amendment immunizes the Georgia Department of Corrections from suit. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).

Finally, Plaintiff names "C. Howard" as a Defendant in this case. However, Plaintiff makes no factual allegations in his Complaint against Defendant C. Howard. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendant C. Howard, Plaintiff's claims against him should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendant Jarriel, the Georgia Department of Corrections, and Defendant C. Howard be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of May, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)