UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WINSTON HAYLES,

Plaintiff,

v. 6:10-cv-31

DON JARRIEL, et al.,

Defendants.

## ORDER

### I. INTRODUCTION

Plaintiff Winston Hayles initiated this suit alleging that excessive force was used against him while incarcerated at Georgia State Prison. *See* Doc. 1. The Court has allowed Plaintiff to proceed *in forma pauperis* due to his financial condition. *See* Doc. 3. This action is currently before the Court on Plaintiff's Motion for Physical Examination by an Outside Doctor. *See* Doc. 49 at 1. Plaintiff cites FED. R. CIV. P. 35 to support his Motion. *Id.* That rule, however, governs when one party attempts to force another to submit to a medical examination. FED. R. CIV. P. 35(a). Here, Plaintiff is requesting the examination. The Court, therefore, construes the Motion as one for the Court to provide an independent medical examination at no cost to Plaintiff.

### II. ANALYSIS

"The Supreme Court has held that expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress." *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (citing *United States v. MacCollom*, 426 U.S. 317, 321 (1976)); *United States v. Harris*, 2009 WL 2045206, at *1 (S.D. Ala. July 6, 2009). There is no statutory authority for a court to pay for a litigant's independent medical exam. *See Wilkerson v. United States*, 2009 WL 1045865, at *1 (M.D. Pa. April 20, 2009). Other circuits have similarly rejected efforts to have the government pay an indigent plaintiff's discovery costs out of the federal treasury. *See Pedraza*, 71 F.3d at 196 (expert witness fees); *Tabron v. Grace*, 6 F.3d 147, 158 (3d Cir. 1993) (copy costs); *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075 (8th Cir. 1980) (deposition costs); *see also Doye v. Colvin*, 2009 WL 764980, at *1 (S.D. Ga. Mar. 23, 2009) (Smith, Mag.) (28 U.S.C. § 1915 does not authorize payment of expenses); *Wright v. United States*, 948 F. Supp. 61 (M.D. Fla. 1996) (Jenkins, Mag.) (same). The Court does not have authority to order the relief requested by Plaintiff.

### III. CONCLUSION

Plaintiff's Motion is *DENIED*.

This 7th day of December 2010.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA