IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WINSTON HAYLES,

    Plaintiff,

v.                                     CIVIL ACTION NO.: CV610-031

DON JARRIEL; TARMARSHE SMITH;
KAREN DEKLE; CASSANDRA
HOWER; and BARRY SMITH, M.D.,

    Defendants.

## ORDER

Defendants Don Jarriel and Cassandra Hower and Defendant Barry Smith ("Movants") filed Motions for Summary Judgment. United States Magistrate Judge James E. Graham recommended that the Motions be granted by Report dated November 18, 2011. (Doc. No. 155). The undersigned adopted this recommendation as the opinion of the Court by Order dated January 17, 2012. (Doc. No. 164). Movants have now filed Motions for Final Judgment pursuant to Federal Rule of Civil Procedure 54(b).

A final judgment is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Plump v. Riley, No. 2:07-cv-1014-MEF, 2009 WL 207147, at *6 (M.D. Ala. July 13, 2009). "[H]owever, an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment." Id. Nevertheless, Rule 54 provides, in relevant part:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

FED. R. CIV. P. 54(b). A "two-step analysis" is employed "in determining whether a partial final judgment may properly be certified under Rule 54(b). First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'" Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007) (internal citation omitted). To be "'final'", a court's determination must be "an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a 'judgment' in the sense that it is a decision upon a cognizable claim for relief." Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). Once the court finds its decision is a final judgment, the court "must then determine that there is no 'just reason for delay' in certifying it as final and immediately appealable." Id. (internal citation omitted). "The district court must act as a 'dispatcher' and exercise its discretion in certifying partial judgments in consideration of 'judicial administrative interests'—including 'the historic federal policy against piecemeal appeals'— and 'the equities involved.'" Id. at 778 (quoting Sears, 351 U.S. at 438).

Here, the undersigned's granting of summary judgment in favor of Movants is a final judgment within the meaning of Rule 54(b). Defendants Hower and Smith were granted summary judgment on Plaintiff's deliberate indifference claims. Defendant Jarriel was granted summary judgment due to Plaintiff's failure to create a genuine dispute as to any fact material to his contention that Defendant Jarriel was personally liable for any alleged constitutional violations of his subordinates. Plaintiff's claims

2

against Tarmarshe Smith and Karen Dekle remain pending and are based on Plaintiff's assertions that Tarmarshe Smith used excessive force against him and Karen Dekle failed to intervene.[1] Plaintiff's remaining claims are not "substantially similar" to or "functionally part of" his claims against Movants. Plump, 2009 WL 2074147, at *7. Thus, the rulings in favor of Movants are "final judgments" within the meaning of Rule 54(b).

Having found the granting of summary judgments in favor of Movants represent final judgments, the undersigned finds no just reason in delaying the entry of final judgment in favor of Defendants Hower, Barry Smith, and Jarriel. Movants' Motions for Final Judgment are hereby **GRANTED**. The Clerk of Court is directed to enter final judgment in favor of Defendants Cassandra Hower, Barry Smith, and Don Jarriel. Plaintiff's claims against Tarmarshe Smith and Karen Dekle shall remain pending.

Counsel for Defendant Barry Smith has filed a Bill of Costs seeking the recovery of costs in the amount of $990.46. (Doc. No. 165). Plaintiff shall file any desired objections to this Bill of Costs within fourteen (14) days of this Order.

**SO ORDERED**, this ___ day of _____, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The undersigned denied the motion for summary judgment filed by Tarmarshe Smith and Karen Dekle. (Doc. Nos. 76, 93).

AO 72A
(Rev. 8/82)