FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 FEB 15 A 9 36

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WINSTON HAYLES,

    Plaintiff,

v.

TARMARSHE SMITH and
KAREN DEKLE,

    Defendants.

CIVIL ACTION NO.: CV610-031

## ORDER

Defendants Tarmarshe Smith and Karen Deckle filed a Motion to Set Reasonable Expert Witness Deposition Fee. Plaintiff filed a Response, and Defendants filed a Reply. On February 13, 2013, the undersigned conducted a telephone conference with counsel.

In the instant Motion, Defendants seek an order from this Court which would limit Plaintiff's expert, Dr. Ugwonali, to a deposition fee of $400 per hour. Defendants also indicate that Dr. Ugwonali's preparation for deposition, for which he should also be allowed to charge only $400 per hour, should be limited to two hours. Plaintiff asserts that Dr. Ugwonali's usual deposition rate of $1,500 for the first hour and $750 for each

AO 72A
(Rev. 8/82)

additional hour is reasonable. Additionally, Plaintiff argues that Dr. Ugwonali's preparation should not be limited to two hours.

"Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions." FED. R. CIV. P. 26(b)(4)(E). All parties agree that in determining what constitutes a reasonable fee the Court may consider: "(1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." Putnal v. Guardian Life Ins. Co. of America, 2005 WL 3532381 *2 (M.D. Ga. 2005) (citations omitted).

Dr. Ugwonali is Board Certified by the American Board of Orthopaedic Surgery with a Certificate of Added Qualifications in Hand Surgery. Dr. Ugwonali earned his M.D. at Yale University School of Medicine, and he completed a subspecialty fellowship in hand and upper extremity surgery at Harvard School of Medicine's affiliate hospitals. The rates listed on Dr. Ugwonali's fee schedule are comparable to those of the other

members of his practice,[1] are the same he traditionally charges,[2] and are applicable to Plaintiff as well as Defendants.[3]

The Court finds Dr. Ugwonali's deposition fees to be reasonable. Additionally, the Court will not limit Dr. Ugwonali's charged preparation time to two hours. However, Plaintiff will pay any of Dr. Ugwonali's fees associated with preparation for his deposition.[4] Defendants' Motion to Set Reasonable Expert Witness Deposition Fee is **DENIED**.

**SO ORDERED**, this 15th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants take issue with the comparison of Dr. Ugwonali's fee schedule to those of the other members of Dr. Ugwonali's practice. Defendants also point out that none of the fee information provided by Plaintiff was provided by affidavit. However, Defendants have not provided fee information for any expert other than their own, and Defendants did not provide their expert's fee information by affidavit.

[2] The undersigned does not have any reason to believe that Dr. Ugwonali's fee schedule submitted in the instant case differs from the fee schedule he submits in other, similar cases.

[3] Defendants argue that, to this point, the financial transactions between Dr. Ugwonali and Plaintiff do not indicate that Dr. Ugwonali is charging Plaintiff according to his fee schedule. However, Plaintiff states that he has agreed to pay Dr. Ugwonali the fees dictated in his fee schedule, and the Court does not have reason to believe otherwise.

[4] Defendants assert that Dr. Ugwonali's expert report is incomplete and that they should not pay Dr. Ugwonali for his time completing the formulation of his opinions, which should be charged to Plaintiff, under the guise of deposition preparation time. Plaintiff asserts that Dr. Ugwonali will need sufficient time to consider the deficiencies alleged by Defendants and to prepare to give cogent testimony. A fair resolution of this matter is to charge Dr. Ugwonali's deposition preparation time to Plaintiff so that Dr. Ugwonali can finalize his opinions and expected testimony without restriction.

3

AO 72A
(Rev. 8/82)