UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WILSON HAYLES,

Plaintiff,

v.    6:10-cv-31

TARMARSHE SMITH, et al.

Defendants.

## ORDER

### I. INTRODUCTION

The day prior to trial, Defendants Tarmarshe Smith and Karen Dekle ("Defendants") filed an objection to Winston Hayles's expert witness's deposition testimony. The Defendants argue that testimony is unreliable under the standard of *Daubert v. Merrell Dow*, 509 U.S. 579 (1993). The Court agrees and therefore *SUSTAINS* Defendants's objection.

### II. ANALYSIS

Federal Rules of Evidence Rule 702, states

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

*Daubert* presented several factors relevant to scientific reliability, including:

1) Whether the expert's theory or technique has been tested;

2) Whether the technique or theory has been subject to peer review and publication;

3) The known potential rate of error of the technique or theory when applied; and

4) The general acceptance of the technique by the scientific community. *Daubert*, 509 U.S. at 593-94; *see also Clarke v. Schofield*, 632 F. Supp. 2d 1350, 1360-62 (M.D. Ga. 2009) (applying the *Daubert* factors to analyze the admissibility of a doctor's scientific opinion).

Defendants identify several facts as relevant to the *Daubert* analysis. Hayles's expert, Dr. Obinwanne

Ugwonali, admitted that his testimony is not based on any medical literature, any case report, any clinical observations, nor any current medical research outside of this case. ECF No. 236-1 at 49-50. Dr. Ugwonali had never seen a sternoclavicular joint dislocation in his practice. ECF No. 236-2 at 9. Dr. Ugwonali is also unaware of any peer-reviewed article that sets forth or supports his opinion on mechanism of injury. *Id.* at 13. His depositions contain no additional information that aids the Court in determining the scientific reliability of Dr. Ugwonali's testimony under the *Daubert* analysis. Without more, Hayles cannot show Dr. Ugwonali derived his opinion from "reliable principles and methods" or that the doctor "reliably applied the principles and methods to the facts of th[is] case." Fed. R. Evid. 702.

### III. CONCLUSION

Hayles failed to establish the scientific reliability of Dr. Ugwonali's opinion under Rule 702 and *Daubert*. So, the Court *SUSTAINS* Defendants's objection.

This ___ day of August 2013.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA