UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WINSTON HAYLES,

Plaintiff,

v.     6:10-cv-31

TARMARSHE SMITH; and KAREN DEKLE,

Defendant.

### ORDER

### I.     INTRODUCTION

Before the Court is Defendants' Motion For Expenses And Fees Related To Re-Opened Expert Witness Deposition. ECF No. 252. Defendants seek sanctions against Winston Hayles and/or his attorney for conduct leading to a second deposition of Hayles's expert witness. *Id.* Hayles argues an award is unwarranted because (1) "a second deposition was an improvident use of resources;" and (2) "the instant motion . . . seek[s] to relitigate issues previously heard and decided." ECF No. 255 at 2, 3. Although the Court disagrees with Hayles's arguments, it nevertheless finds an award unwarranted and so *DENIES* Defendants' motion.

### II.     BACKGROUND

This case began in April, 2010, with Hayles as a pro se litigant. ECF No. 1. Discovery originally closed that December. *See* ECF No. 18. Over a year later, Hayles's current counsel appeared on his behalf, ECF No. 177, and moved to reopen discovery. ECF No. 180. The Court granted that motion and extended discovery until August 21, 2012. ECF No. 183.

Part of the purpose of the new discovery period was to allow Hayles to "identify an orthopedic doctor to provide expert testimony at trial and submit an expert report." ECF No. 182 at 2. But Hayles never identified an expert of any kind before the period ended.

On January 18, 2013, Hayles again moved to reopen discovery, this time "for the limited purpose of identifying Dr. Obinwanne Ugwonali [as an expert] . . . submitting Dr. Ugwonali's expert report and permitting Defendants the opportunity to depose him." ECF No. 193 at 2. Hayles's motion in particular noted that "Dr. Ugwonali ha[d] already prepared his expert report." *Id.* at 5. The Court granted the motion, but required Hayles to promptly disclose Dr. Ugwonali's opinion and make him available for deposition within thirty days of the Court's order. ECF No. 197.

Hayles produced the expert report the next day, ECF No. 198-2 (acknowledging the incompleteness of the initial report and promising to file a supplement), and an addendum six days later. *See* ECF No. 198-4. Despite the addendum, Defendants continued to believe Dr. Ugwonali's report contained "the opinion to be given at trial," but not "the basis and reasons for the opinion." ECF No. 198-5 at 2. Defendants requested additional expert disclosures from Hayles but received none before Dr. Ugwonali's deposition on February 25, 2013. ECF No. 252 at 5.

Two days after the deposition, Hayles's counsel filed with the Court a "Rule 26

Report" for Dr. Ugwonali. ECF No. 202. It contained the first and second expert disclosures, Dr. Ugwonali's CV, and a new disclosure entitled "Addendum." ECF No. 202-1. Defendants contend that addendum revealed, for the first time, the basis and reasons for Dr. Ugwonali's opinion. ECF No. 252 at 5.

"Following disclosure of the Addendum, Defendants' counsel conferred with counsel for [Hayles] and requested that [Dr. Ugwonali's] deposition be re-opened at Plaintiff's cost for the purpose of allowing questioning based on the Addendum." Id. at 6; ECF No. 204-2. Defendants allege that Haytes's counsel refused that request. ECF No. 252 at 7.

Defendants then asked the Court to strike the addendum or in the alternative "allow the reopening of [Dr. Ugwonali's] deposition at Plaintiff's cost." Id. The Magistrate Judge denied the motion to strike, but reopened the deposition with a hearing to come later on Defendants request that Haytes pay their costs. Id.

The parties scheduled the reopened deposition for Monday, April 22, 2013. Id. The night before, Haytes's counsel notified Defendants that Dr. Ugwonali would not appear for the deposition unless he received pre-payment of his expert fee. Id. Circumstances made that impossible for Defendants and the parties rescheduled the deposition for May 13, 2013. Id.

Ultimately, this case went to trial, where a jury decided Haytes failed to prove excessive force by a preponderance of the evidence. ECF No. 247. Two weeks later Defendants filed the present motion. ECF No. 252.

### III. DISCUSSION

Defendants ask the Court to award $3,489.60—their expenses and attorney's fees related to the second Ugwonali deposition—as a sanction for Haytes and his counsel's conduct leading to the reopening of Dr. Ugwonali's deposition. Id. at 15. Defendants point to three sources of authority in requesting such sanctions.

First, Defendants argue Federal Rule of Civil Procedure 37 allows the Court to impose sanctions, including attorney's fees, for Haytes alleged failure to comply with a court order and failure to disclose required details in an expert witness report. Id. at 8-9. Second, Defendants argue that 28 U.S.C. § 1927 justifies sanctions because Haytes and his counsel's conduct "unreasonably and vexatiously" multiplied these proceedings. Id. at 12. Third, Defendants appeal to the Court's inherent power to impose sanctions for bad faith litigation conduct. Id. at 13. The Court first addresses Rule 37, then § 1927 and the Court's inherent powers.

### A. Rule 37

When a district court orders a party to provide discovery, compliance is mandatory. "If a party . . . fails to obey an order . . . the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless . . . circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2).

2

Rule 37 also allows courts to "order payment of the reasonable expenses, including attorney's fees," associated with a party's failure "to provide information or identify a witness as required by Rule 26(a) or (e)." Fed. R. Civ. P. 37(c). The mandatory default sanction, however, for a failure to disclose is a bar on using the undisclosed evidence at trial. *Id.* at (1). Imposition of expenses and fees for nondisclosure, on the other hand, is a discretionary sanction available to supplement or replace exclusion of evidence when a court finds it appropriate. *Id.* at (1)(A).

### 1. *Failure to comply with a court order*

Defendants argue that Hayles and his counsel violated the Magistrate Judge's January 28, 2013 order, which required Hayles to "promptly disclose the opinion of his expert witness," and "make his expert witness available for deposition within thirty days" of the order. ECF No. 197.

The Court doubts that Hayles failed to comply. Hayles's counsel submitted an expert report, albeit an incomplete one, *see* ECF No. 198-2, the day after the Court's order requiring "prompt disclosure." ECF No. 197. Counsel then amended that report six days later. ECF No. 198-4. And Dr. Ugwonali's first deposition took place within thirty days of the Court's order. Whether or not the potentially deficient expert report in fact constitutes a failure to comply with a court order, it is not "clear that [Hayles] and/or his counsel simply refused to let the rules govern their conduct." ECF No. 252 at 10. The Court therefore declines to impose sanctions under Rule 37(b).

### 2. *Failure to disclose*

Defendants also argue that sanctions should be imposed for a failure to disclose the reasons and basis for Dr. Ugwonali's expert opinion. ECF No. 252 at 10. Perhaps Hayles failed to disclose the reasons and basis for Dr. Ugwonali's opinion. Even assuming that's true, the Court finds sanctions inappropriate in this case.

First, the award of expenses as a sanction for a failure to disclose is a discretionary remedy. *See* Fed. R. Civ. P. 37(c)(1)(A) (stating that courts "*may* order payment" of a party's reasonable expenses." (emphasis added)). The default sanction is exclusion of the evidence or witness a party fails to disclose. *Id.* at (c)(1).

Exclusion occurred here, although not as a result of Hayles's failure to disclose. Before trial, Defendants filed a motion in limine seeking to exclude Dr. Ugwonali's testimony under Federal Rule of Evidence 702 and the reliability standard of *Daubert v. Merrell Dow Pharmaceuticals*, 505 U.S. 579. *See* ECF No. 236. The Court agreed with Defendants and excluded Dr. Ugwonali's expert testimony. ECF No. 238.

If Defendants had asked the Court shortly after the second deposition to sanction Hayles by excluding Dr. Ugwonali's testimony, the Court may have granted that request. Failure to follow discovery rules, even absent bad faith, opens the door to sanctions. *See BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994) (noting that "failure" as used in Rule 37 does not

3

connote "refusal"). The Court may have even awarded Defendants the expenses they ask for now if they demonstrated prejudice from Hayles's failure to disclose.

Instead of seeking sanctions at the time Hayles allegedly failed to disclose the reasons and basis for Dr. Ugwonali's opinion, Defendants waited until after trial, some three months after they deposed Dr. Ugwonali a second time. *Compare* ECF No. 252 at 7 (noting date of May 13, 2013 for Dr. Ugwonali's second deposition), *with* ECF No. 239 (minute entry for first day of trial, August 27, 2013). By that time, Dr. Ugwonali's testimony had been excluded and the Defendants had prevailed at trial.

Second, Hayles and his counsel's conduct do not suffer the taint of bad faith. From Defendants' own exhibits, it is apparent Hayles's counsel endeavored to cooperate with defense counsel. *See* ECF No. 252-1 at 16 (Hayles's counsel attempting to alleviate inconvenience of deposition rescheduling by suggesting the use of special interrogatories), 17 (apologizing for the late notice, caused by Dr. Ugwonali's delay in notifying Hayles's counsel, about Dr. Ugwonali's request for prepayment). She also made no attempt to hide the insufficiency of the initial expert report prepared by Dr. Ugwonali, even stating that a supplemental disclosure would soon be forthcoming (it was). *See* ECF No. 198-2 at 2. Although she very well may not have abided by the letter of Rule 26, Hayles's counsel did not willfully hide the Ugwonali ball from Defendants.

Although a lack of bad faith or willful disregard of the rules does not preclude awarding expenses, their absence is relevant "to the path which the . . . Court might follow in dealing with [Hayles's] failure to comply." *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208 (1958). Particularly in light of the unavailability of exclusion of Dr. Ugwonali's testimony as a sanction due to its previous exclusion on other grounds, Hayles's counsel's possible negligent failure to disclose does not support an award of expenses.

### B. 28 U.S.C. § 1927 and the Court's Inherent Power

"Any attorney admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess cost, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In this circuit, attorneys violate § 1927 "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2006). Bad faith in the § 1927 context, however, turns not on an attorney's dishonesty of belief, *see Black's Law Dictionary* 159 (9th ed. 2009), but "on the attorney's objective conduct." *Amlong & Amlong*, 500 F.3d at 1239.

Under either a subjective or an objective standard, Hayles and his counsel did not engage in bad faith litigation conduct. Even if Hayles's counsel failed to properly disclose the basis and reasons for Dr. Ugwonali's opinion as required by Federal

4

Rule of Civil Procedure 26(a), she did not "engage in litigation tactics that needlessly obstruct the litigation of a non-frivolous claim" such that sanctions under § 1927 are appropriate. *Id.* at 1242. In fact, counsel's actions can hardly be construed as "tactics" at all; they more closely resemble inadvertent mistakes, if anything. And because the scope of the Court's authority under § 1927 "is either broader than or equally as broad as [its] . . . authority to issue a sanctions order under its inherent powers," the failure of § 1927 to support sanctions means the same is true of the Court's inherent power. *Id.* at 1239.

## IV. CONCLUSION

The Court **DECLINES** to award sanctions under Rule 37, 28 U.S.C. § 1927, or its inherent powers. So, Defendants motion, ECF No. 252, is **DENIED**.

This 9th day of October 2013.

*/s/ B. Avant Edenfield*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF GEORGIA